IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRONZIE TOLER,

          Plaintiff,

v.                               CIVIL ACTION NO.  2:14-cv-29582

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**
**(Motion for Default Judgment)**

Pending before the court are the defendant's Motion for Default Judgment Against Plaintiff/Counterclaim Defendant Bronzie Toler ("Motion for Default Judgment") [Docket 8], the defendant's Motion to Strike Plaintiff/Counterclaim Defendant's Answer to GEICO's Counterclaim ("Motion to Strike") [Docket 15], and the plaintiff's Motion to Extend Time to File Response/Reply by 2/6/2015 ("Motion to Extend Time") [Docket 13]. For the reasons provided below, the defendant's Motion for Default Judgment [Docket 8] is **DENIED**, the defendant's Motion to Strike [Docket 15] is **DENIED**, and the plaintiff's Motion to Extend Time [Docket 13] is **GRANTED**.

**I.**      **Background**

This case arises out of an insurance policy issued to the plaintiff, Bronzie Toler, by the defendant, Government Employees Insurance Company ("GEICO"). On April 9, 2014, the plaintiff made a claim for collision repairs to his 2010 Jeep Cherokee. (GEICO's Countercl.

[Docket 7] ¶ 7). GEICO advised the plaintiff that his policy did not include such coverage and denied the claim. (*Id.* ¶ 8). On September 11, 2014, the plaintiff filed suit against GEICO in the Circuit Court of Logan County, West Virginia. (Compl. [Docket 1-1]). The plaintiff also named Bruce Walters Ford Sales, Community Trust Bank, Inc., John Doe Insurance Agent, and John Doe Car Salesman as defendants. (*Id.*). The plaintiff alleges (1) breach of contract; (2) violations of the Unfair Claims Practices Act and insurance regulations; (3) common law bad faith; (4) negligence; (5) breach of the covenant of good faith and fair dealing; and (6) intentional misrepresentation. (*Id.*).

On December 11, 2014, GEICO removed the action to this court. (Notice of Removal [Docket 1]). In its answer, GEICO asserts a counterclaim seeking a declaratory judgment that the GEICO policy at issue does not provide collision coverage for the plaintiff's April 9, 2014 claim. (Answer to Compl. Attached to Notice of Removal and Countercl. [Docket 7], at 13-16). The plaintiff was served with a copy of GEICO's Answer and Counterclaim on December 17, 2014. However, the plaintiff failed to respond within the 21 days proscribed by Rule 12 of the Federal Rules of Civil Procedure. As a result, on January 15, 2015, GEICO moved for default judgment. (Mot. for Default J. [Docket 8]). The plaintiff has not responded to GEICO's Motion for Default Judgment.

On February 6, 2015, the plaintiff filed an Answer to GEICO's Counterclaim [Docket 12]. That same day, the plaintiff also filed what is labeled as a "Motion to Extend Time to File Response/Reply to 2/6/2015"; however, the document attached is the certificate of service for the previously filed Answer, not an independent motion. (*See* Mot. to Extend Time [Docket 13]). In response, GEICO moved to strike the plaintiff's Answer and reiterated its request for default

2

judgment. (*See* Mot. to Strike [Docket 15]; *see also* Mem. of Law in Supp. of Mot. to Strike [Docket 16], at 6). I now turn to the pending motions.

## II. Analysis

To begin, GEICO's Motion for Default Judgment appears to be premature because the Clerk has yet to enter default pursuant to Federal Rule of Civil Procedure 55(a). GEICO's motion does not clarify whether it is moving under Rule 55(a) or 55(b). The motion quotes portions of Rule 55(a), but continually requests default judgment, not an entry of default. (*See* Mem. of Law in Supp. of Mot. for Default J. [Docket 9], at 2). Nonetheless, the relevance of this distinction is minimal given the court's denial of GEICO's motion.

Federal Rule of Civil Procedure 55(a) requires the clerk to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a). However, it is within the court's discretion to grant additional time for action. *See Geyer v. U.S. Van Lines*, No. 2:12-cv-04678, 2013 WL 65458, at *4 (S.D. W. Va. Jan. 4, 2013) (citing 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2682 (3d ed. 1995)). This is particularly true when the party "appears and indicates a desire to contest the action," Wright et al., *supra*, § 2682, and there is an "absence of prejudice to the movant." *Geyer*, 2013 WL 654458, at *4. Furthermore, employing the court's discretion here is consistent with the Fourth Circuit's "strong favor for resolving cases on their merits." *U.S. Foodservice, Inc. v. Donahue*, 764 F. Supp. 2d 816, 819 (S.D. W. Va. 2011).

Although filed approximately one month outside the deadline, the plaintiff's Answer and attempted Motion to Extend Time convey a desire to defend against GEICO's counterclaim. Furthermore, there is little prejudice to GEICO, given the court's wariness in entering default

3

judgment on a claim for declaratory relief. In *Teachers Insurance Co. v. Prather*, I articulated my concerns with regard to insurance disputes:

> As a general principle, this court is wary of entering default judgment in a suit for declaratory relief. By nature, a declaratory judgment action is jurisdictionally unique. I am uncomfortable with the idea of providing declaratory relief where the merits of a case have not been fully litigated. *See* RESTATEMENT 2D JUDGMENT § 33 (stating that a court "should not make a declaration upon default on the basis of the pleadings alone but should require the plaintiff to present enough evidence to warrant the granting of declaratory relief").
>
> My concern about entering declaratory judgment by default is particularly pronounced in insurance disputes. When a declaratory judgment action is brought by an insurance carrier, the suit may influence the way courts later interpret other identical policies. I do not believe that an individual insured's failure to respond in a given action is sufficient justification for a declaration that may later affect non-party policy holders. For this reason, I generally decline to enter default judgment in such cases when a party has appeared to oppose the default judgment. In such cases, I believe that less drastic sanctions are the more appropriate remedy.

No. 2:11-cv-00397, 2012 WL 90095, at *2 (S.D. W. Va. Jan. 11, 2012) (granting defendant's Motion to Set Aside Default and denying plaintiff's Motion for Entry of Default Judgment). Ruling on a default judgment motion would require the same independent review of the facts as proceeding without default. But by proceeding on the merits, the court avoids being placed in the uncomfortable position described in *Teachers Insurance Co*. The plaintiff's action, albeit delayed, provides GEICO with adequate information to move forward with its counterclaim. Therefore, default is an unsuitable remedy at this junction. Accordingly, the defendant's Motion for Default Judgment [Docket 8] and Motion to Strike [Docket 15] are **DENIED**.

In the interests of justice and judicial economy, I construe the plaintiff's attempted Motion to Extend Time [Docket 13] as a motion and **GRANT** it. Accordingly, the plaintiff's Answer [Docket 12] is timely. However, I caution the plaintiff against proceeding in such a

4

dilatory manner. The remaining deadlines in this case are explicitly stated in the Scheduling Order [Docket 14], and the court expects them to be met.

### III. Conclusion

For the reasons stated above, the defendant's Motion for Default Judgment [Docket 8] is **DENIED**, the defendant's Motion to Strike [Docket 15] is **DENIED**, and the plaintiff's Motion to Extend Time [Docket 13] is **GRANTED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 27, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE