**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

BRONZIE TOLER,

Plaintiff,

v. CIVIL ACTION NO. 2:14-cv-29582

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, et al.,

Defendants.

**MEMORANDUM OPINION & ORDER**
**(*Motion to Bifurcate*)**

Pending before the court is the defendant's Motion to Bifurcate ("Motion") [Docket 23]. As set forth below, the Motion is **DENIED**.

## I. Background

This case arises out of an insurance policy issued to the plaintiff, Bronzie Toler, by the defendant, Government Employees Insurance Company ("GEICO"). On April 9, 2014, the plaintiff made a claim for collision repairs to his 2010 Jeep Cherokee. (GEICO's Countercl. [Docket 7] ¶ 7). GEICO advised the plaintiff that his policy did not include such coverage and denied the claim. (*Id.* ¶ 8). On September 11, 2014, the plaintiff filed suit against GEICO in the Circuit Court of Logan County, West Virginia. (Compl. [Docket 1-1]). The plaintiff also named Bruce Walters Ford Sales, Community Trust Bank, Inc., John Doe Insurance Agent, and John Doe Car Salesman as defendants. (*Id.*). The plaintiff alleges (1) breach of contract; (2) violations of the Unfair Trade Practices Act and insurance regulations; (3) common law bad faith; (4)

negligence; (5) breach of the covenant of good faith and fair dealing; and (6) intentional misrepresentation. (*Id.*).

In the instant motion, GEICO asks that I bifurcate the common law bad faith claim and the Unfair Trade Practices Act ("UTPA") claim (collectively, the "bad faith claims") from the determination of whether the plaintiff is entitled to coverage under the insurance policy (the "coverage claim"). According to GEICO, bifurcating the bad faith claims and the coverage claim promotes judicial economy and prevents unfair prejudice.

**II. Analysis**

Federal Rule of Civil Procedure 42(b) provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Under Rule 42(b), "the granting of separate trials is within the sound discretion of the trial judge." *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953). Separating issues for trial, however, "is not to be routinely ordered." Fed. R. Civ. P. 42(b) advisory committee's note; *see also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2388 (3d ed. 2008) ("Rule 42(b) should be resorted to only as the result of the exercise of informed discretion when the district judge believes that separation will achieve the purposes of the separate trial rule."). In determining whether bifurcation is appropriate in the instant case, I must perform a two-step analysis: first, I must determine whether separate trials would either avoid prejudice or promote judicial economy; and second, I must determine whether bifurcation would unfairly prejudice the

non-moving party. *See Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999).

As the moving party, GEICO has the burden of persuading me that bifurcation is appropriate. *Lester v. Homesite Ins. Co. of the Midwest*, No. CIV.A. 1:14-20361, 2014 WL 6682334, at *1 (S.D. W. Va. Nov. 25, 2014) (citation omitted). GEICO argues first that bifurcation would promote judicial economy. As GEICO points out, under West Virginia law, a court must find that coverage exists in order for the plaintiff to pursue common law bad faith claims against an insurance company. *See Cava v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 753 S.E.2d 1, 9 n.6 (W. Va. 2013). Therefore, if the court determines there is no insurance coverage, bifurcation would save the parties the time and expense of a trial on the common law bad faith claims. *See Drennan v. Md. Cas. Co.*, 366 F. Supp. 2d 1002, 1007–08 (D. Nev. 2005) (explaining that if the plaintiffs do not prevail on their breach of insurance contract claim, there can be no basis for concluding that the insurer acted in bad faith).

As GEICO concedes here, however, the plaintiff's UTPA claims would not be extinguished by a lack of insurance coverage. (GEICO's Mem. in Supp. of Mot. to Bifurcate ("Mem. in Supp.") [Docket 24], at 5) ("Therefore, if there is no coverage, there can be no common law bad faith and Plaintiff may only sue for the alleged UTPA violations.").[1] In other words, GEICO admits that two trials would be necessary—one to determine coverage and one to determine, at least, liability under the UTPA—regardless of whether coverage exists. For this reason, I fail to see how judicial economy could be served by holding two trials on claims that could be resolved with one.[2]

[1] GEICO only argues that "the causation and damages issue in a remaining UTPA lawsuit" would be "dramatically different from when there is insurance coverage that is wrongfully denied." *Id.*

[2] Even if I analyzed the common law bad faith claims in a vacuum, whether bifurcation promotes judicial economy

GEICO also argues that bifurcation would avoid prejudice, suggesting that "if the bad faith and coverage issues [are] tried together, prejudice will result because the jury will be confronted with the alleged bad acts of GEICO and be expected to reach an unbiased decision as to the coverage claim at the same time." (Mem. in Supp. [Docket 24], at 7). GEICO's argument is based on mere speculation, and federal courts have found that such a naked assertion is an inadequate basis upon which a court should grant a separate trial. *See, e.g.*, *Montgomery v. Am. Family Ins. Co.*, No. 3:09-CV-00545, 2010 WL 1936085, at *2 (N.D. Ind. May 11, 2010) ("American Family's naked assertion that it 'might' be prejudiced by certain testimony and defense tactics is an inadequate basis for bifurcation."). Moreover, "[a]ny potential prejudice resulting from combined trials can be remedied by protective measures, including cautionary warnings, limiting instructions, and other instructions to the jury." *Welch v. Logan Gen. Hosp., LLC*, No. 2:15-CV-01022, 2015 WL 3797148, at *3 (S.D. W. Va. June 18, 2015) (citation omitted). Accordingly, GEICO has not demonstrated that it will be prejudiced by a unitary trial of this case.[3] For all these reasons, GEICO's Motion is **DENIED**.

## III. Conclusion

As set forth above, the defendant's Motion to Bifurcate [Docket 23] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

---

would be merely speculative. *See Lester*, 2014 WL 6682334, at *2 (citing *N. Pac. Ins. Co. v. Stucky*, No. CV 12-15-H-DLC, 2013 WL 5408837, at *2 (D. Mont. Sept. 25, 2013)). Indeed, GEICO's argument is predicated on the assumption that it will win on the issue of coverage. *Id.* Importantly, if coverage is determined to exist, another trial would still be necessary to determine whether GEICO is liable for the common law bad faith claims. *Id.*

[3] Because I do not find that GEICO has met its burden of demonstrating that bifurcation would either promote judicial economy or avoid prejudice, I need not determine whether bifurcation would unfairly prejudice the non-moving party. *See Houseman*, 171 F.3d at 1121.

ENTER: July 13, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE